# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| WILLIE JAMES CRUMP, | Case No. 26-CV-1891 (KMM/JFD) |
| Plaintiff, | |
| v. | **ORDER** |
| 180 DEGREES HALFWAY HOUSE STAFF, DAVID PHAFF, RICHARD COFFEY, and TONY HUNTER, | |
| Defendants. | |

Plaintiff Willie James Crump, a prisoner, has applied for *in forma pauperis* ("IFP") status. (*See* Dkt. No. 2 ("IFP Certificate")).[1] Because Mr. Crump is a prisoner, *see* 28 U.S.C. § 1915(h), the IFP Application falls under 28 U.S.C. § 1915(b), which requires an initial partial filing fee for prisoners seeking IFP status in civil actions. *See, e.g.*, *Ashley v. Dilworth*, 147 F.3d 715, 716 (8th Cir. 1998). This fee is 20 percent of the greater of (1) the average monthly deposits to the plaintiff's facility trust account in the six months immediately before the complaint's filing, or (2) the average balance in the plaintiff's account during the same period. *See* 28 U.S.C. § 1915(b)(1).

---

[1] Mr. Crump has not submitted a full IFP application; rather, he has simply filed the Certificate of Authorized Prison Official that prisoners generally submit as part of an IFP application. The Court assumes for present purposes that this reflects Mr. Crump's intent to apply to proceed IFP here.

Materials submitted by Mr. Crump show that he must pay an initial partial filing fee of $25.67.[2] This action will not proceed until Mr. Crump pays this fee in full. If he fails to pay within 21 days of this Order's date, the Court will treat the action as abandoned and recommend dismissal without prejudice for lack of prosecution. *See* Fed. R. Civ. P. 41(b).

Finally, the Court offers Mr. Crump the following warnings:

- If Mr. Crump proceeds by paying the $25.67 initial partial filing fee, he will also have to pay the remaining $324.33 of this action's $350.00 statutory filing fee in installments. Officials at Mr. Crump's facility will be notified of this requirement and authorized to withdraw funds from his trust account to remit to the Court, as per § 1915(b), regardless of the action's outcome.

- Upon payment of the initial partial filing fee, the Court will review Mr. Crump's complaint (Dkt. No. 1 ("Complaint")) to determine if he has pleaded a viable claim for relief within the Court's jurisdiction.[3] If the Court finds that

---

[2] The IFP Certificate states that the amount of his average monthly deposits during the preceding six-month period (or, at least, the portion of that period during which he was at MCF–Faribault) was $128.36. (*See* IFP Cert. 1.) A copy of Mr. Crump's trust-account statement submitted with the Certificate (*see id.* at 2) indicates that his average balance over the same period was $47.57. Because the deposits amount exceeds the balance amount, Mr. Crump's initial partial filing fee in this case, under the formula prescribed by 28 U.S.C. § 1915(b)(1), is 20 percent of the average deposits amount, or $25.67.

[3] Mr. Crump should carefully consider whether to proceed with this case, as the Complaint has significant issues. Several of its potential legal theories cannot succeed in their current form: claims based on Medicare or False Claims Act fraud must be brought by an attorney on behalf of the United States and cannot be pursued by a *pro se* plaintiff; claims alleging the misuse of taxpayer funds require a kind of standing Mr. Crump likely does not have; and claims raised on behalf of other halfway-house residents cannot be pursued by a nonlawyer at all. Other possible claims face structural obstacles. Any challenge to the February 2025 revocation that apparently returned Mr. Crump to prison is likely barred unless and until the revocation has been invalidated through habeas or other appropriate proceedings, and damages under the Religious Land Use and Institutionalized Persons Act are unavailable against individual defendants. Furthermore, any conditions-of-confinement, free-exercise, retaliation, and equal-protection theories in the Complaint likely founder based on the need to say what each named individual defendant (that is, Mr. Phaff, Mr. Coffey, and Mr. Hunter) personally did or knew, rather than describing the conduct of "staff" as a group. And because federal law bars prisoners from recovering

the Complaint is frivolous or malicious, or fails to state a claim for which relief can be granted, Mr. Crump will incur a "strike" under 28 U.S.C. § 1915(g). Accumulating three or more "strikes" will significantly restrict Mr. Crump's ability to proceed IFP in federal court

## ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT**

**IS HEREBY ORDERED THAT**:

1.    Plaintiff Willie James Crump must pay an initial partial filing fee of at least $25.67 within 21 days of this Order's date.

2.    Should Mr. Crump fail to pay the initial partial filing fee, the Court will recommend dismissing this action without prejudice for failure to prosecute.

Dated: May 5, 2025                                   _s/ John F. Docherty_____
                                                              JOHN F. DOCHERTY
                                                              United States Magistrate Judge

---

damages for purely emotional or psychological injury without a showing of physical injury, much of the monetary relief Mr. Crump seeks may be unavailable even on the claims that survive. Given these concerns, and other issues that may arise if this action moves forward, Mr. Crump may want to reconsider before committing $350.00 to pursue this litigation.